**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ALAN LYNN MCDONALD, #1039962,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **3:04-CV-2720-B** |
| | § | |
| **DOUGLAS DRETKE, Director, Texas** | § | |
| **Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on March 23, 2005, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Alan Lynn McDonald ("McDonald" or "Petitioner") is presently incarcerated at the Allred Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") in Iowa Park, Texas. Respondent is the Director of TDCJ-CID.

Statement of the Case: After having plead not guilty to the offense of murder as charged in the indictment in Cause No. F-00-46077-T, the empaneling of a jury, and the presentation of the prosecution's first witness in the guilt-innocence phase of his trial, McDonald withdrew his not guilty plea, entered an open plea of guilty, and elected to have the judge impose sentence.

The court sentenced him to a term of sixty years imprisonment and made a finding that the offense involved family violence.

Petitioner appealed his conviction to the Fifth Court of Appeals. After his appellate counsel filed an *Anders*[1] brief and was granted leave to withdraw, McDonald filed his pro se brief. The Fifth Court of Appeals at Dallas affirmed his conviction in an unpublished opinion delivered on August 9, 2002. *McDonald v. State*, No. 05-01-0851-CR, 2002 WL 1822440 (Tex. App. - Dallas Aug. 9, 2002). His petition for discretionary review was refused on January 29, 2003.

On April 16, 2004, McDonald filed an application for habeas relief pursuant to Tex. Code Crim. Proc. art. 11.07. *Ex Parte McDonald*, Appl. No. 60,605-01 at 2. On December 15, 2004, the Texas Court of Criminal Appeals denied his application without written order based on the findings of the trial court without a hearing. *Id.* at cover.

Petitioner filed his § 2254 petition on December 27, 2004. On June 3, 3005, Respondent filed an answer addressing McDonald's claims on the merits, together with a copy of his state court proceedings.

<u>Findings and Conclusions</u>: Petitioner contends that he was denied effective assistance of counsel, that his entry of a guilty plea was involuntary, and that the trial court should have *sua sponte* withdrawn his plea of guilty. Review of McDonald's claims is governed by the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") which in pertinent part provides that a federal court cannot grant relief under § 2254 unless the adjudication of the state prisoner's claim in the state court system "resulted in a decision that involved an

---

[1] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967).

unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." § 2254(d)(1) & (2). Further, findings of fact made by a State court are presumed to be correct absent clear and convincing evidence rebutting the presumption. § 2254(e)(1).

In his first ground for relief, Petitioner contends that his attorney was ineffective because he continually assured McDonald that the State's facts warranted, at most, criminally negligent homicide, thus causing him to reject plea bargains of 25 and 45 years. He further contends that his attorney failed to investigate his case properly because he did not receive the final report from the accident reconstruction expert until the first day of trial. Finally, he contends that his attorney was ineffective for convincing him to plead guilty because he had no chance to win at trial. An attorney's conduct is governed by the standards set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). There is a strong presumption that an attorney's conduct falls within the broad range of reasonable professional assistance required under the Sixth Amendment. *Id.* at 690, 104 S.Ct at 2065. To overcome this presumption a habeas petitioner must establish that the attorney's conduct was constitutionally deficient (cause) and that but for such unprofessional errors the result probably would have been different (prejudice). Failure to prove either prong of the two part test forecloses relief. *Id* at 694, 104 S.Ct. at 2068.

In support of his arguments, Petitioner presents his own affidavit to the same effect and the affidavit of Ms. Linda Ibarra. Ms. Ibarra, Petitioner's sister, states in pertinent part that her conversations with her brother indicated that he relied totally on the advice of his attorney, that his attorney told her that it was not possible to speak with Petitioner on the day he plead guilty,

3

that, on the day Petitioner plead guilty, his attorney informed her that he had received unfavorable information from the State and the accident reconstruction specialist that necessitated an immediate guilty plea on the part of the Petitioner and that, had she known before he plead guilty that McDonald's accident reconstruction expert had an unfavorable report, she would have sought a second opinion.  (Pet. for a Writ of Habeas Corpus by a Person in State Custody Exh. 2).[2]

"Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).  The only one of his contentions that McDonald has provided any evidence for is that his attorney did not allow him to communicate with his sister on the day that he plead guilty before making his plea.  However, assuming that events on the second day of trial occurred exactly as stated by Petitioner and Ms. Ibarra, he has failed to allege how this prejudiced him, much less rebutted the presumption of correctness which attached to the state court's opinion.

In rejecting this claim the state habeas court recounted the strength of the evidence against McDonald, observing that under the circumstances, had he persisted in his plea of guilty, a life sentence was all but assured.  *See* Appl. No. 60,605-01 at 46.  McDonald is unable to show that he is entitled to habeas relief on this ground.

In his second ground for relief, Petitioner asserts that his guilty plea was involuntary.  He

---

[2]Whether another reconstruction expert might have rendered a more favorable opinion with respect to the circumstances under which the decedent was killed is a matter of sheer speculation.

contends that his attorney failed to advise him that he would be unable at the sentencing phase to testify that the victim's death was an accident, rather than murder.³ The standard for the voluntariness of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Parke v. Raley*, 506 U.S. 20, 29, 113 S.Ct. 517, 523 (1992), quoting *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164 (1970). "A plea will be upheld if it is shown by the record, or the evidence adduced at an evidentiary hearing, that a defendant understood the charge and its consequences when he pled guilty." *DeVille v. Whitley*, 21 F.3d 654, 657 (5th Cir. 1994), citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir.), *cert. denied*, 474 U.S. 838, 106 S.Ct. 117 (1985), and distinguishing *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253 (1976). Here the record shows that it was reasonable for the state court to find that Petitioner understood the charge to which he plead. Petitioner signed a judicial confession in which he admitted that he "intentionally and knowingly caused the death of [the victim] ... exactly as alleged in the indictment." (Clerk's Record at 24). He stated at the time of his plea that his attorney had explained the legal significance of his judicial confession and that he understood and wished to plead guilty. (Reporter's Record v.5 at 7). Later, in response to a direct question from the prosecutor, McDonald admitted that he had plead guilty to intentionally or knowingly causing the death of the victim. (*Id*. v. 6 at 36). His claim that his guilty plea was involuntary was fully explored and addressed by the Fifth Court of Appeals in the context of his direct appeal. No. 05-01-0851-CR, opinion at 1-2, *see* Appl. No.

---

³Relief on his allegation that his attorney failed to advise him that he could not plead guilty while persisting in his claim that the homicide was an accident is foreclosed in light of the court's admonitions at the sentencing proceedings on May 2, 2001. (*See* Reporter's Record v.6 at 29-31).

60,605-01 at 42-43.  In addressing this ground in the art.  11.07 application the trial court relied on the prior appellate opinion in finding the claim to be without merit.  *Id.* at 49.

Finally, Petitioner complains that the trial court should have *sua sponte* revoked his guilty plea when he testified that he did not, in fact, intend to kill the victim.  (*See* Reporter's Record v.6 at 30-31).  Under *North Carolina v. Alford*, 400 U.S. 25, 38 n.10, 91 S.Ct. 160, 167 n.10, "when a defendant pleads guilty while proclaiming his innocence, the court commits constitutional error by accepting the plea without ascertaining that there is a factual basis for it, [b]ut, 'absent statements inconsistent with guilt, state courts are not constitutionally required to establish a factual basis for the plea of guilt.'" *Orman v. Cain*, 228 F.3d 616, 621 (5th Cir. 2000), citing *Banks v. McGougan*, 717 F.2d 186, 188 (5th Cir.1983).  Petitioner at no time asserted that he was innocent of the crime or in any other way made statements which were inconsistent with his guilt.  (*See, e.g.,* Reporter's Record v.6 at 30-31, in which he states that he did not intend to hurt the victim, but later states that he hit her with the truck).  Moreover, the testimony of the State's first witness and other evidence before the court amply provided sufficient basis establishing a factual basis for the guilty plea.  Therefore Petitioner had not shown that he is entitled to habeas relief on this ground.

RECOMMENDATION:

Petitioner has failed to show that he is entitled to relief pursuant to 28 U.S.C. §2254.  Specifically, he has failed to establish that the decision of the Texas Court of Criminal Appeals constituted a decision which met the prerequisites of §2254(d)(1) or (2).  It is therefore recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to counsel for Petitioner and to

counsel for Respondent.

Signed this 20th day of July, 2005

                                                Wm. F. Sanderson, Jr.
                                                UNITED STATES MAGISTRATE JUDGE

### NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.